| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>ROMANO GARUBO & ARGENTIERI<br>Emmanuel J. Argentieri, Esquire<br>52 Newton Avenue, P.O. Box 456<br>Woodbury, New Jersey 08096<br>(856) 384-1515<br>Attorney for Secured Creditor,<br>U.S. Bank, National Association as Legal Title<br>Trustee for Truman 2016 SC6 Title Trust | **Order Filed on November 25, 2020<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| MICHAEL M. TALLARIDA AND NICOLE TALLARIDA<br><br>                    Debtors. | Case No.:    19-10082<br>Chapter:     13<br>Judge:         SLM<br><br>Hearing Date: October 14, 2020 @ 10:00 a.m. |

**ORDER RESOLVING US BANK, NA AS LEGAL TITLE TRUSTEE FOR THE TRUMAN 2016 SC6 TITLE TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SUBMITTED UNDER THE CONSENT OF THE PARTIES**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: November 25, 2020**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

**(Page 2)**
Debtor:   Michael and Nicole Tallerida
Case No:  19-10082/SLM
Caption of Order: ORDER RESOLVING RELIEF MOTION

---

Upon consideration of ("Movant") US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust's motion for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain real property as hereinafter set forth; and Debtors having asserted opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. Debtors' post-petition mortgage arrearages for the months March 14, 2020 through September 14, 2020 at $2,685.78 each, less suspense balance of $1,682.70, plus attorney fee reimbursement of $1,050.00 totals $18,167.76.

2. The aforesaid amount shall be rolled into Debtors' Chapter 13 Plan as an administrative claim and shall be paid to Movant over the remaining term of Debtor's Plan.

3. The Trustee shall adjust her records to reflect the increased amount due to Movant pursuant to this order pay said increased claim to Movant in normal course.

4. A proof of claim for $18,187.76 shall be filed by Debtors for Movant's post-petition administrative claim within fourteen (14) days from the date of this entered order.

5. Debtors shall amend their plan by inputting the aforesaid claim into the filed proposed plan within fourteen (14) days from the date of this entered order.

6. Debtors tendered their October 14, 2020 post-petition mortgage payment at the end of September 2020.

**(Page 3)**
Debtor:   Michael and Nicole Tallerida
Case No:  19-10082/SLM
Caption of Order: ORDER RESOLVING RELIEF MOTION

---

7. Commencing with the November 14, 2020 post-petition mortgage installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

8. **Drop-Dead Default Clause:**  If the Debtors should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant, its successors and/or assigns, for more than (30) days from the due date, <u>then Debtors agree to allow this Court to enter an order vacating stay</u>.  Upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to secured creditor's enforcement of its State Law Foreclosure action against the realty commonly known as 10 Tranquility Court, Sewell, NJ  08080.  The order submitted to the Court will not require the consent of the Debtors or the Debtors' counsel regarding form or substance, however, the trustee, Debtors and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

9. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the court.